UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMIR BUTT, on behalf of himself and all others  :
similarly situated,                             :
                                                :
                           Plaintiff,    :    **COMPLAINT**
                                                :
       -against-                             :
                                                :    **FLSA COLLECTIVE ACTION**
HF MANAGEMENT SERVICES, LLC., and               :
HEALTHFIRST PHSP, INC.                          :
                                                :    **JURY TRIAL DEMANDED**
                         Defendants.   :
-----------------------------------------------------------------X

       Plaintiff AMIR BUTT ("Plaintiff"), on behalf of himself and all others similarly situated, by his undersigned attorneys, alleges, upon personal knowledge as to himself and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. This is a collective action lawsuit under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq., ("FLSA") and is brought to remedy widespread wage and hour violations by HF MANAGEMENT SERVICES, LLC and HEALTHFIRST PHSP, INC. ("Healthfirst" or "Defendants") that have deprived Plaintiff and all other current and former Medicare Sales Marketing Representatives ("Marketing Representatives") of overtime and other wages to which they are entitled.

2. Plaintiff also brings this as a class action pursuant to Federal Rule Civil Procedure Rule 23 to remedy violations of the New York Labor Law, Article 19, §§ 650 *et. seq.* ("NYLL"), and the supporting New York State Department of Labor regulations, and to recover unpaid overtime and other wages to which they are entitled, on behalf of

themselves and all similarly situated current and former Marketing Representatives currently and/or formerly employed by Defendants.

3. Plaintiff and the other Marketing Representatives were not "exempt" from the FLSA or NYLL and Defendants classified them as non-exempt from the FLSA and NYLL.

4. Plaintiff and the other Marketing Representatives were not compensated for all of the time they worked for Defendants, including pre and post shift work and when they worked through their unpaid lunch breaks and when they received phone calls and/or emails outside of their working hours.

5. Defendants have thus willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to properly record, credit, and compensate Plaintiff and the other Marketing Representatives for work which Defendants effectively required and/or permitted them to work in excess of (i) their paid hours, and (ii) 40 hours per week.

6. Defendants' pattern, practice and policy of requiring or permitting work without properly compensating its employees for same has violated its employees' rights under the FLSA and New York law.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction over Plaintiff's FLSA claims because this case is brought pursuant to the FLSA. This Court has supplemental jurisdiction over the NYLL claims as they are so related to the claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District and because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District.

## THE PARTIES

9. Plaintiff AMIR BUTT resides in Kings County in the State of New York. He was employed by Defendant as a Marketing Representative from in or about February 2017 until April 27, 2018.

10. Defendant HF MANAGEMENT SERVICES, LLC is a New York Limited Liability Company with a corporate address at 100 Church Street in New York City.

11. Defendant HEALTHFIRST PHSP, INC. is a New York not-for-profit corporation with a corporate address at 100 Church Street in New York City.

12. Each of the Defendants grossed more than $500,000.00 in each of the last three calendar years.

13. At all times relevant hereto, the activities of the Defendants constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

14. At all times relevant hereto, Defendants employed employees, including Plaintiff and the FLSA Collective, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

15. At all times relevant hereto, each of the Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

16. At all times relevant hereto, each of the Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NYLL §190(3).

17. At all times relevant hereto, each of the Defendants have employed "employee[s]", including Plaintiff and each of the FLSA Collective Plaintiffs and Class Members.

### FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff sues on behalf of himself and all other similarly situated Marketing Representatives employed by Defendants (the "FLSA Collective" or "FLSA Collective Plaintiffs").

19. Plaintiff is an appropriate representative of this collective action under 29. U.S.C. §216(b).

20. Plaintiff and the other Marketing Representatives employed by Defendants are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them at least one-and-one-half times their regular hourly rates of pay for work in excess of forty (40) hours per workweek.  Defendants routinely required them to work weekly hours in excess of forty but failed to pay them overtime compensation at time and one-half their regular rate for all overtime hours worked.

### RULE 23 CLASS ALLEGATIONS

21. Plaintiff brings the Second and Third Claims for Relief pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, statutory penalties, and other damages, on behalf of himself and all of Defendants' current and former Marketing Representatives currently and/or formerly employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class" or "Class Members").

22. During the Class Members' employment with Defendants, they consistently worked longer hours than they were paid for, and are thus owed (i) wages at their regular rates of pay for all hours up to 40 in a workweek, and (ii) overtime wages for all hours in excess of 40 in a workweek.

23. The number and identify of, and the names and addresses of, the Class Members are readily ascertainable from the records of the Defendants.  The dates of employment and the rates of pay for each member of the Class, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

24. The proposed Class is so numerous that joinder of all members of the Class is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiff believes that there are significantly more than forty (40) members of the Class.

25. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  All the members of the Class were subject to the same

corporate practices and policies of Defendants, as alleged herein, of willfully failing and refusing to properly pay them (i) for all hours worked up to forty (40) per workweek at their regular rate of pay, and (ii) at least one-and-one-half times their regular hourly rates of pay for work in excess of forty (40) hours per workweek, and of violating NYLL §195(3). Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and each Class Member sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in wage and hour class action litigation who have many times previously represented plaintiffs in wage and hour class cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be

served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Upon information and belief, employees of Defendants and other employers are often afraid to individually assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because they fear that doing so could harm their employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

29. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants failed to keep true and accurate time records for all daily and weekly hours worked by the Class Members and other payroll records required by the NYLL, (b) whether Defendants failed to pay the Class Members their regular hourly rates of pay for all work performed up to forty (40) hours per workweek; (c) whether Defendants failed to pay the Class Members at least one-and-one-half times their regular hourly rates of pay for all work in excess of

forty (40) hours per workweek; (d) whether the Class Members are entitled to damages for unpaid regular and/or overtime wages, and if so, the means of measuring such damages; (e) whether Defendants are liable for NYLL liquidated damages; and (f) whether it was Defendants' policy and practice to fail to furnish the Class Members with an accurate statement of wages, hours worked, rates paid, and gross wages as required by NYLL §195(3).

30. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FACTUAL ALLEGATIONS

31. Defendants operate a provider-sponsored health insurance company that serves more than 1.2 million members in downstate New York.

32. Defendants offer Medicaid, Medicare Advantage, Child Health Plus, and Managed Long Term Care health insurance plans.

33. Plaintiff and the other Marketing Representatives were supposed to sell Medicare health insurance plans for Defendants.

34. Defendants employ hundreds of Marketing Representatives in New York City and assigned them to work in various areas/zones.

35. Defendants maintained offices in three areas/zones in Brooklyn, including offices in downtown Brooklyn ("Downtown Brooklyn"), on 7th Avenue in Central Brooklyn ("Central Brooklyn"), and on 86th Street in South Brooklyn ("South Brooklyn").

36. Defendants assigned Plaintiff to work out of Defendants' "Brooklyn South" area/zone and he reported to Defendants' Brooklyn South office.

37. Plaintiff was assigned to primarily work in Coney Island Hospital in Brooklyn, New York.

38. Although Plaintiff was normally primarily assigned to work at Coney Island Hospital, Plaintiff was also assigned to work at several doctors' offices, and a CVS pharmacy, in Brooklyn.

39. In accordance with Defendants' Sales Incentive Plan, Defendants paid Plaintiff, the FLSA Collective Plaintiffs, and the Class a base salary plus per enrollment incentive compensation of $200.00 to $500.00 per enrollment.

40. Plaintiff's, the FLSA Collective Plaintiffs', and the Class' primary work duties included selling Defendants' Healthfirst products, providing customer service, and filling out various required forms and associated paperwork. They also regularly had to make and answer phone calls and emails to and from patients and prospective customers, and personally drop off completed applications at Defendants' offices at the end of each day.

41. Defendants failed to properly track, record, and pay for all of the hours worked by the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

42. Defendants' time-sheets did not accurately reflect all time worked because Plaintiff, the FLSA Collective Plaintiffs, and the Class only recorded their scheduled, and not actual, time worked.

43. Plaintiff, the FLSA Collective Plaintiffs, and the Class were normally scheduled to work for Defendants five days a week, although during busy times like during the open enrollment periods they worked six days a week.

44. Plaintiff, the FLSA Collective Plaintiffs, and the Class were normally scheduled to work an eight and one half-hour shift –from 9:00 AM to 5:30 PM - which included a half-hour unpaid lunch break.

45. Throughout their employment with Defendants, Plaintiff, the FLSA Collective Plaintiffs, and the Class regularly started working before the start of their scheduled shifts without being paid for all of the hours they worked.

46. For example, Plaintiff used to regularly start working at or about 8:00 AM.

47. Throughout their employment with Defendants, and especially during the busy times, Plaintiff, the FLSA Collective Plaintiffs, and the Class regularly worked through their unpaid lunch breaks - to make sales and/or assist/answer questions from current or prospective customers.

48. Plaintiff, the FLSA Collective Plaintiffs, and the Class often had to stay 30 to 60 minutes, or later, after the end of their scheduled shifts to finish any sales they were working on, to assist/answer questions from current or prospective customers, to perform end of the day duties, to complete required paperwork, and to personally drive to Defendants' offices to drop off completed applications.

49. In addition, inasmuch as Defendants' management told Plaintiff, the FLSA Collective Plaintiffs, and the Class to give their cell phone numbers to prospective customer – and Defendants printed their cell phone numbers on their business cards - Plaintiff, the FLSA Collective Plaintiffs, and the Class often fielded phone calls and emails from customers and prospective customers in the evenings and on their days off.

50. Plaintiff, the FLSA Collective Plaintiffs, and the Class were not compensated for their post-shift work, or for their working through their unpaid lunch break, or when they were

called after hours or on their days off, or when they worked prior to the beginning of their scheduled shifts. They thus regularly worked between 1 to 2 or more off-the-clock hours per day for which they were not compensated and during busy times they often worked an extra 2 to 3 extra hours per day for which they were not compensated.

51. Defendants management exerted significant pressure on Plaintiff, the FLSA Collective Plaintiffs, and the Class to meet or exceed their strict sales quotas which resulted in Plaintiff, the FLSA Collective Plaintiffs, and the Class routinely working in excess of their scheduled hours of work.

52. Defendants knew that Plaintiff, the FLSA Collective Plaintiffs, and the Class regularly worked during their unpaid lunch periods, before and after their scheduled hours of work each day, and on days that they were scheduled off.

53. Defendants' practices resulted in the Plaintiff, the FLSA Collective Plaintiffs, and the Class regularly working more than 40 hours a week without being paid all of their earned overtime premiums, and in them not being compensated for all of the time they worked for Defendants.

54. Defendant profited from the extra hours worked by Plaintiff, the FLSA Collective Plaintiffs, and the Class**,** and Defendants should have paid them for this time.

### Plaintiff's Unpaid Commissions Claim

55. In accordance with Defendants' Sales Incentive Plan, Defendants were supposed to pay Plaintiff incentive compensation of between $200.00 to $500.00 per enrollment.

56. In December of 2018, Plaintiff enrolled approximately forty-four persons.

57. Defendants refused to pay Plaintiff incentive compensations for each of those enrollments.

## **FIRST CLAIM FOR RELIEF**

### (**FLSA Overtime Violations, 29 U.S.C. § 207 -
Brought by Plaintiff on Behalf of Himself and the FLSA Collective**)

58. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59. Throughout the statute of limitations period covered by these claims, Defendants were and continue to each be an "employer" engaged in interstate commerce within the meaning of the FLSA and employed Plaintiff and each member of the FLSA Collective.

60. At all relevant times, Plaintiff and the FLSA Collective members regularly worked in excess of forty (40) hours per workweek.

61. At all relevant times, Defendants operated under a policy and practice of failing to pay proper overtime compensation to Plaintiff and the FLSA Collective members for all of the hours they worked in excess of 40 hours per week, and demanded, encouraged, allowed, and/or knowingly permitted the FLSA Collective members to work off-the-clock without paying them proper overtime compensation for all of the hours they worked in excess of 40 hours per week.

62. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective members at the required overtime rate of one-and-one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

63. Plaintiff, on behalf of himself and the FLSA Collective members, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Wages and Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class)**

64. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

65. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

66. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

67. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members for all hours worked at their regular rates of pay and at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

68. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

69. Plaintiff, on behalf of himself and the Class members, seeks damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs, pre and post judgment interest, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(Failure to Provide Accurate Pay Statements – NYLL § 195(3)
Brought by Plaintiff on Behalf of Himself and the Class)**

70. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

71. Section 195(3) of the NYLL requires every employer to "furnish each employee with a statement with every payment of wages… For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

72. Defendants provided pay statements to Plaintiff and the members of the Class that did not include an accurate number of hours worked.

73. The pay statements that Defendants provided to Plaintiff and the members of the Class included the number of regular and overtime hours paid, not the number of regular and overtime hours actually worked as required by the NYLL.

74. Defendants violated NYLL § 195(3) and consequently owes Plaintiff and the members of the Class statutory damages as specified by NYLL § 198(1-d).

75. Plaintiff, on behalf of himself and the Class Members, seek statutory damages as specified by NYLL § 198(1-d), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF

**(Failure to Pay Commissions – NYLL § 193
Brought by Plaintiff on Behalf of Himself)**

76. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

77. Defendants willfully violated their obligation to properly and timely compensate Plaintiff.

78. The commissions owed to Plaintiff constitute wages within the meaning of the NYLL.

79. Defendants, in violation of NYLL § 191, illegally delayed payment of wages due and owing to Plaintiff.

80. Defendants illegally deducted from Plaintiff's wages deductions unauthorized by, and in violation of, NYLL § 193.

81. As a direct and proximate cause of Defendants' violation of the NYLL, Plaintiff has suffered damages.

82. Plaintiff, on behalf of himself, seeks damages in the amount of his unpaid wages, unpaid commissions, liquidated damages, prejudgment interest at the statutory rate, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, prayd for relief as follows:

(a) A Declaration that Defendants have violated the FLSA and other applicable laws;

(b) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitted them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(c) Designation of Plaintiff as Representative of the FLSA Collective;

(d) Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

(e) Designation of Plaintiff as Representative of the Class;

(f) Designation of Plaintiff's Counsel as Class Counsel for the FLSA Collective and for the Class;

(g) An award of damages, according to proof, including FLSA and NYLL liquidated damages, to be paid by Defendants;

(h) Penalties available under applicable laws;

(i) Statutory damages under NYLL § 198(1-d) for violations of NYLL § 195(3);

(j) Costs of action incurred herein, including expert fees;

(k) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663, and other applicable statutes;

(l) Pre-judgment and post-judgment interest, as provided by law; and

(m) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: December 10, 2018

Respectfully submitted,

HARRISON, HARRISON & ASSOC., LTD.

 /s/DAVID HARRISON
David Harrison, Esq.
Julie Salwen, Esq.
nycotlaw@gmail.com
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 718-799-9111
*Attorneys for Plaintiff, proposed FLSA Collective members and the proposed Class Members*

16

# EXHIBIT A

I am a current or former employee of HEATHFIRST INC., and related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

     I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 12th day of July 2018



_____ Signature

Amir Butt
_____ Full Legal Name (print)