# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

January 9, 2019

VIA ECF

Hon. Ann Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Butt v. HF Management Services LLC, 18-cv-07017**

Dear Judge Donnelly:

As counsel for defendants HF Management Services, LLC and Healthfirst PHSP, Inc. ("Healthfirt"), we write pursuant to Your Honor's Individual Practices and Rules 4(A) to request a pre-motion conference to seek leave to file a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b).

The complaint is filed on behalf of a purported class of Medicare Sales Marketing Representatives, all of whom worked in various locations throughout the New York metropolitan area, selling medical plans to Medicare eligible individuals. These Sales Representatives were highly-compensated outside sales employees, receiving a base salary plus commissions for each person they enrolled, often earning more than one hundred thousand dollars per year. The complaint purports to assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Article 19, § 650 *et seq.* ("NYLL"), to recover wages for time plaintiffs allegedly worked but, in violation of company policy, did not record on their time sheets. The complaint should be dismissed for several reasons.

First, the complaint fails to plausibly plead facts demonstrating plaintiff's entitlement to overtime pay under the FLSA. This failure is particularly glaring given that the Second Circuit standard for such pleading was established in *DeJesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013), a case involving a Healthfirst Sales Representative. In *DeJesus,* the Second Circuit affirmed the dismissal of a complaint because the employee did not set forth "any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due." *Id.* at 87. Despite this controlling precedent, the complaint offers implausible allegations that "FLSA Collective Plaintiffs, and the Class regularly worked between 1 to 2 or more off-the-clock hours per day" and "work[ed] more than 40 hours a week without being paid all of their earned overtime premiums." (Cplt. ¶¶ 50, 53). These generalized and conclusory allegations are not sufficient to state a plausible claim for overtime under the FLSA. *Lundy v. Catholic Health Sys.*, 711 F.3d 106, 114 (2d Cir. 2013)(approximating the hours plaintiff typically worked lacks the specificity required to state a plausible cause of action.); *see, e.g.*, *Humphrey v. Rav Investigative & Sec. Servs. Ltd.*, No. 12-CV-3581, 2016 WL 1049017, at *5 (S.D.N.Y. Mar. 11, 2016) ("[A]



successful FLSA overtime claim must be based on 'sufficient factual allegations rather than a general and conclusory allegation as to the number of hours routinely worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation.")[1]

Second, the allegations of the complaint establish that plaintiff is an outside salesperson exempt from the overtime provisions of the FLSA. Although the application of an exemption to the FLSA is an affirmative defense, the defense may be raised in a pre-answer 12(b)(6) motion 'if the defense appears on the face of the complaint.'" *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015). Employees whose primary duty consists of making sales or obtaining orders for contracts for services and who are customarily and regularly engaged away from the employers place of business are exempt from the overtime pay requirements of the FLSA. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.500(a).

Plaintiff asserts in his complaint that his "primary work duties included selling Defendants' Healthfirst products" (Cplt. ¶ 40);[2] that he received a base salary plus an incentive per enrollment (Cplt. ¶ 39); and that he did not work in a Healthfirst office, but "primarily work[ed] at Coney Island Hospital" (Cplt. ¶ 37) and "at several doctors' offices, and a CVS pharmacy" (Cplt. ¶ 38). Thus, the allegations of complaint establish that plaintiff was an outside salesperson within the meaning of the FLSA. As such, plaintiff is exempt from overtime obligations and the complaint fails to state a claim. *See Alburquerque v. Healthfirst, Inc.,* 11-cv-2634 (Dec. 16, 2011)(approving dismissal with prejudice of FLSA claim by Healthfirst Medicare marketers because allegations of complaint established their status as outside sales representatives); *Lane v. Humana Marketpoint, Inc.*, 2011 WL 2181736 at *5-9 (D. Idaho, June 3, 2011).

For these reasons, Defendants request permission to file a motion to dismiss the complaint.

Respectfully submitted,

*Andrew P. Marks*

Andrew P. Marks

cc: Counsel of Record via ECF

---

[1] We address only the federal claim in this letter because if that claim fails, there would be a lack of subject matter jurisdiction and the state law claims should be dismissed as well. *See Volpe v. American Language Communication Center, Inc.*, 200 F. Supp. 3d 428 (S.D.N.Y. 2016), *aff'd*, 692 Fed. Appx. 51 (2d Cir. 2017).

[2] As a person who markets and sells Medicare products for a plan sponsor, plaintiff is a sales person and an insurance agent who sells insurance under federal and state regulations. CMS Medicare Marketing Guidelines §§ 20, 120.1; *see also* 42 C.F.R. § 422.2272(c); N.Y. Insurance Law §§ 2101(k), 2102(a)(1).