# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

February 7, 2019

VIA ECF

Hon. Ann Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: **Butt v. HF Management Services LLC, 18-cv-07017**

Dear Judge Donnelly:

As counsel for HF Management Services, LLC and Healthfirst PHSP, Inc. (collectively "Healthfirst"), we write pursuant to Your Honor's Individual Practices and Rules to request a pre-motion conference to seek leave to file a motion to dismiss plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b).

Plaintiff filed his original complaint on December 10, 2017. By letter dated January 9, 2019, Healthfirst sought leave to file a motion to dismiss that complaint. In response, plaintiff indicated his intention to file an amended complaint and by Order dated January 22, 2019, the Court denied Healthfirst's request for a pre-motion conference without prejudice to renew after the filing of the amended complaint.

Plaintiff thereafter filed his amended complaint. He re-asserted his claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for overtime based on hours allegedly worked off-the-clock in violation of company policy (*i.e.*, not authorized and not reported). Surprisingly, Plaintiff failed to add the requisite factual detail to support his claims of unpaid overtime. With respect to his status as an outside salesperson, a position that is exempt from the minimum wage and overtime pay requirements of the FLSA, the amended complaint reaffirms that plaintiff's primary job duty was to make sales outside of Healthfirst's offices. His only new allegations are that, "on information and belief," Healthfirst had contracts with other business in the community that enabled plaintiff to make those sales within the physical confines of those other businesses where he was assigned to work. (Am. Cplt. ¶ 37-40). Healthfirst accordingly seeks leave to renew its application for permission to file a motion to dismiss the complaint because the amended complaint does not cure the deficiencies of the initial pleading.

The amended complaint is filed on behalf of a purported class of Medicare Sales Marketing Representatives, all of whom worked in different locations throughout the New York metropolitan area, selling medical plans to Medicare eligible individuals. These Sales Representatives were highly-compensated outside sales employees. They were paid a base salary plus commissions for

each person they enrolled, often earning more than one hundred thousand dollars per year. The amended complaint should be dismissed for several reasons.

First, the amended complaint fails to plausibly plead facts demonstrating plaintiff's entitlement to overtime pay under the FLSA. This failure is particularly glaring given that the Second Circuit standard for such pleading was established in *DeJesus v. HF Mgmt. Services, LLC*, 726 F.3d 85 (2d Cir. 2013), which also involved a putative class action on behalf of Defendants' sales representative. In *DeJesus,* the Second Circuit affirmed the dismissal of the complaint because the plaintiff did not set forth "any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due." *Id.* at 87. Plaintiff's amended complaint suffers from the same pleading defects. It merely makes conclusory and implausible allegations that plaintiff "regularly worked between 1 to 2 or more off-the-clock hours per day" and "work[ed] more than 40 hours a week without being paid all of their earned overtime premiums." (Am. Cplt. ¶¶ 54, 57). Such generalized, conclusory allegations are not sufficient to state a plausible claim for overtime under the FLSA. *See Lundy v. Catholic Health Sys.*, 711 F.3d 106, 114 (2d Cir. 2013)(concluding it is insufficient to merely approximate the hours plaintiff typically worked); *Humphrey v. Rav Investigative & Sec. Servs. Ltd.*, No. 12-CV-3581, 2016 WL 1049017, at *5 (S.D.N.Y. Mar. 11, 2016) ("[A] successful FLSA overtime claim must be based on 'sufficient factual allegations rather than a general and conclusory allegation as to the number of hours routinely worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation.")[1]

Second, the amended complaint confirms that plaintiff was an outside salesperson exempt from the FLSA's overtime and minimum wage requirements.[2] To qualify for the exemption, the employee need only have a primary duty of making sales and be customarily and regularly engaged away from the employer's place of business. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.500(a). Plaintiff's allegation in the amended complaint satisfy both requirements. He specifically alleges that his "primary work duties included selling Defendants' Healthfirst products." (Am. Cplt. ¶ 44) He also alleges that Healthfirst maintained its office in South Brooklyn where plaintiff reported (Am. Cplt. ¶¶ 35-36) but that throughout the work day he made sales in public locations such as Coney Island Hospital, Ida G Israel Community Health Center, CVS stores and various doctors' offices. (Am. Cplt. ¶¶ 37-40). Thus, the allegations of complaint establish that plaintiff was an outside salesperson and his FLSA claim should be dismissed on that basis.

---

[1] We address only the FLSA claim in this letter because it is the sole basis for the Court's subject matter jurisdiction. In the absence of hat claim, plaintiff's remaining claims are subject to dismissal for lack of jurisdiction. *See Volpe v. American Language Comm. Ctr., Inc.*, 200 F. Supp. 3d 428 (S.D.N.Y. 2016), *aff'd*, 692 Fed. Appx. 51 (2d Cir. 2017).

[2] Although the application of an exemption to the FLSA is an affirmative defense, it may be raised in a pre-answer 12(b)(6) motion when, as here, it appears on the face of the complaint. *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015).

**Hon. Ann Donnelly**
**United States District Judge**
**February 7, 2019**
**Page 3**

Plaintiff's effort to avoid dismissal by now claiming "on information and belief," that Healthfirst has contracts with Coney Island Hospital and CVS that allowed him to access their buildings to make sales does not alter the outcome. Under the Department of Labor regulations, a fixed site used by a salesperson as a headquarters can be considered an employer's place of business, but the amended complaint does not allege that any of those sites served as his headquarters. Indeed, the amended complaint alleges that Healthfirst has an office in South Brooklyn where plaintiff reported (Am. Cplt. ¶¶ 35-36) and where he returned every day to drop off competed applications (Am. Cplt. ¶ 44). Plaintiff was not at Coney Island Hospital, CVS stores, doctors' offices and other public locations because they were in any sense his "headquarters;" he was at those public locations because it is where prospective customers – medical insurance users - were most likely to be found.[3] That he was accommodated with physical space inside a building rather than relegated to the adjacent street corner, is not material.

For these reasons, Defendants renew their request for permission to file a motion to dismiss the amended complaint.

Respectfully submitted,

*s/Andrew P. Marks*
Andrew P. Marks

cc: Counsel of Record via ECF

---

[3] We add that recent Supreme Court decisions advise that exemptions to the FLSA are no longer to be narrowly construed, but rather should be given a fair interpretation.