UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMIR BUTT,<br><br>     Plaintiff,<br><br>   -against-<br><br>HF MANAGEMENT SERVICES, LLC and<br>HEALTHFIRST PHSP, INC.,<br><br>     Defendants. | 18-cv-07017 (AMD) (LB) |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

---

*Of Counsel:*
 Andrew P. Marks
 David S. Warner

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................3

ARGUMENT ....................................................................................................................4

    I.  The Court Should Dismiss Plaintiff's Claims for Unpaid Overtime Because They Lack the Necessary Factual Allegations and Demonstrate that Plaintiff Was Not Entitled to Overtime Pay ......................................................4

        A.  The Amended Complaint Fails to State a Viable Overtime Claim....................6

        B.  The Amended Complaint Demonstrates that Plaintiff Was an Outside Salesperson, Not Eligible for Overtime Pay ......................................................8

CONCLUSION ...............................................................................................................12

## **TABLE OF AUTHORITIES**

<u>**Cases**</u>

*Alburquerque v. HealthFirst, Inc.*, 11-civ-2634 (E.D.N.Y. 2011) .................. 12

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) ............................ 6

*Arista Records, LLC v. Doe 3,* 604 F.3d 110 (2d Cir. 2010) .......................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................... 4, 5

*Austin v. Town of Farmington*, 826 F.3d 622 (2d Cir. 2016) .......................... 5

*Bell Atl. Corp. v. Twombly***,** 550 U.S. 544 (2007) .............................. 4

*Bowen v. Baldwin Union Free Sch. Dist.,*
   2017 WL 4083553 (E.D.N.Y. Aug. 23, 2017) ......................................... 6

*Briceno v. USI Servs. Grp., Inc.,*
   2015 WL 5719727 (E.D.N.Y. Sept. 29, 2015) ..................................... 7,8

*Cangelosi v. Gabriel Bros. Inc.,*
   2015 WL 6107730 (S.D.N.Y. Oct. 15, 2015) ..................................... 6, 10

*Chodkowski v. County of Nassau,*
   2017 WL 10637956 (E.D.N.Y. Nov. 30, 2017) ....................................... 8

*Chao v. Gotham Registry, Inc.,* 514 F.3d 280 (2d Cir.2008) ........................... 6

*Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72 (2d Cir. 2015) ................... 5, 8

*DeJesus v. HF Mgmt. Serv., LLC*, 726 F.3d 85 (2d Cir. 2013),
   *cert. denied,* 571 U.S. 1128 (2014) ........................................... 1

*Fernandez v. Zoni Lang. Ctrs., Inc.*, 2016 WL 2903274
   (S.D.N.Y. May 18, 2016), *aff'd*, 858 F.3d 45 (2d Cir. 2017) ...................... 5

*Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219 (2d Cir. 2018) .................. 8, 9

*Fridman v. GCS Computers LLC,*
   2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ......................................... 6

*Ifill v. United Parcel Serv.*, 2005 U.S. Dist. LEXIS 5230
    (S.D.N.Y. Mar. 29, 2005) ....................................................... 3

*Johnson v. Equinox Holdings, Inc.,*
    2014 WL 3058438 (S.D.N.Y. July 2, 2014) .............................................................. 7

*Lane v. Humana Marketpoint, Inc.,*
    2011 WL 2181736 (D. Idaho, June 3, 2011) ............................................................ 11

*Leger v. Kalitta,* 2018 WL 2057142 (E.D.N.Y. Jan. 26, 2018) ........................................ 5

*Lundy v. Catholic Health Sys.,* 711 F.3d 106 (2d Cir. 2013)......................................1, 4, 6

*Lusk v. Serve U Brands, Inc.*, 2018 WL 826857 (W.D.N.Y. Feb. 12, 2018) ............... 6, 7

*Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83 (E.D.N.Y. 2015).................................... 10

*Martinez v. Superior Healthplan, Inc.,*
    2019 WL 1048856 (W.D. Tex. Mar. 5, 2019) ......................................................... 11

*Munoz-Nagel v. Guess, Inc.,*
    2013 WL 1809772 (S.D.N.Y. Apr. 30, 2013) ......................................................5, 10

*Nakahata v. N.Y. Presbyterian Healthcare Sys. Inc.,*
    723 F.3d 192 (2d Cir. 2013)....................................................................................1

*Official Comm. of the Unsecured Creditors of Color Tile, Inc.*
    *v. Coopers & Lybrand, LLP,* 322 F.3d 147 (2d Cir. 2003) ..................................... 5

*Park v. FDM Group (Holdings) PLC,*
    2017 WL 946298 (S.D.N.Y. Mar. 9, 2017) ...............................................................7

*Patane v. Clark*, 508 F.3d 106, 116 (2d Cir. 2007) ........................................................4

*Prince v. Madison Sq. Garden,* 427 F.Supp.2d 372 (S.D.N.Y.2006) ...............................11

*Volpe v. American Lang. Comm. Ctr., Inc.*, 200 F.Supp.3d 428 (S.D.N.Y. 2016),
    *aff'd,* 692 Fed. Appx. 51 (2d Cir. 2017) ...............................................................1, 5

*White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869 (6th Cir. 2012) .......................6

*Williams v. Calderoni,* 2012 WL 691832 (S.D.N.Y. Mar. 1, 2012) ................................11

**Statutes**

29 U.S.C. § 213(a)(1)......................................................................................................8

**Regulations**

29 C.F.R. § 541.500........................................................................................................8
29 C.F.R. § 541.502.....................................................................................................9, 10

iii

Healthfirst Management Inc. and Healthfirst PHSP, Inc. ("Healthfirst") submit this memorandum of law in support of their motion, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint.[1]

## PRELIMINARY STATEMENT

In his First and Second Claims for Relief, Plaintiff Amir Butt claims that Healthfirst violated the FLSA and NYLL by not paying him for time he now claims to have worked outside the times he reported on his timesheets. Butt concedes he reported none of this alleged "off-the-clock" work to Healthfirst during his employment -- from February 2017 to April 2018 -- and now demands payment despite his inexcusable submission of false timesheets in violation of Healthfirst's policy.

The Court should dismiss Butt's Amended Complaint because it fails to plausibly plead viable claims under the FLSA and NYLL for unpaid overtime. To establish liability under the FLSA for off-the-clock work, Butt must prove that he worked more than 40 hours in a work week, that his employer had actual or constructive knowledge that he was doing unreported work in excess of 40 hours, and that he was not properly compensated. In a trio of decisions, including one involving an off-the-clock claim against Healthfirst,[2] the Second Circuit made plain that generalized and imprecise allegations of unpaid work time do not state a plausible overtime claim. Despite these years-old decisions, and after being given the opportunity to

---

[1] This motion addresses the insufficiency of Plaintiff's first two causes of action for overtime pay under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). As the Court's jurisdiction is based on the FLSA claim (Am. Cplt., ¶ 7), the third and fourth causes of action under NYLL for allegedly noncompliant wage statements and failure to pay commissions should be dismissed for lack of subject matter jurisdiction. *See Volpe v. American Lang. Comm. Ctr., Inc.,* 200 F.Supp.3d 428 (S.D.N.Y. 2016), *aff'd,* 692 Fed. Appx. 51 (2d Cir. 2017).

[2] *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013), *cert. denied,* 571 U.S. 1128 (2014), *Nakahata v. N.Y. Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192 (2d Cir. 2013), and *Lundy v. Catholic Health Sys.,* 711 F.3d 106 (2d Cir. 2013).

amend his complaint in response to Healthfirst's motion to dismiss his original complaint, Butt's amended complaint still fails to meet these requirements.  Instead of identifying particular work hours for which he is allegedly owed overtime pay, Butt continues to assert generalized, conclusory allegations about his "normal schedule" (Am. Cplt., ¶¶ 47-48), his "regular" start time and purported habit of working through breaks (*Id.,* ¶¶ 49-51), and that he "often" worked after his scheduled shift or on his days off.  (*Id.,* ¶¶ 52-53).  This is insufficient.  Furthermore, Butt alleges no facts from which the Court can plausibly infer that Healthfirst was aware of Butt's purported off-the-clock work.  Butt just summarily concludes, without any factual foundation, that "Defendants knew that Plaintiff … regularly worked during [his] unpaid lunch periods, before and after [his] scheduled hours of work each day, and on days that [he] was scheduled off" (*Id.,* ¶ 56).  Butt makes no claim, and offers no facts to establish, that Healthfirst knew he was working off-the-clock.  As such, his first and second causes of action fail to state viable claims for relief under the FLSA or NYLL and should be dismissed accordingly.

Even if Butt were to amend his complaint again to assert a proper factual foundation for his off-the-clock overtime claims, the Court still should dismiss the First and Second Claims for Relief because his own allegations establish that he was an outside salesperson, a category of employee that has long been exempt from the FLSA's and NYLL's overtime pay requirements. There is no dispute that Butt's primary job duty was sales and his allegations demonstrate that he was regularly engaged in sales activities away from Healthfirst's offices or any other place he used as a headquarters for making sales.  As Butt's own allegations demonstrate conclusively that he was an outside salesperson not eligible for overtime pay, the Court should dismiss his First and Second Claims for Relief for alleged unpaid overtime, with prejudice.

## STATEMENT OF FACTS[3]

Healthfirst is a health insurance company that offers Medicaid, Medicare Advantage, Chile Health Plus and Managed Long Term Care health insurance plans. (Am. Cplt., ¶¶ 31-32) Butt was employed "to sell Medicare health insurance plans for Defendant." (*Id.*, ¶ 33) His "primary work duties included selling Defendants' Healthfirst products, providing customer service and filling out various required forms and associated paperwork." (*Id.*, ¶ 44) Healthfirst maintained three offices in Brooklyn, including one in Brooklyn South, where plaintiff was "assigned" and where he "reported." (*Id.*, ¶¶ 35-36) However, Butt did not sell insurance from the Brooklyn South office. According to the Amended Complaint, Healthfirst assigned Butt to work three days per week "at set locations within NYCHHC at Coney Island Hospital and its associated Ida G Israel Community Health Center," "one day a week … or more at set locations within CVS" pharmacies, and "at specific locations at doctor's offices." (*Id.*, ¶¶ 38-40) It "provided Plaintiff … with a table and signs to set up at the locations to which [he] was assigned … [and] Plaintiff would make sales to customers at the table." (*Id.*, ¶ 42) At the end of each day, Butt would "drive to Defendants' offices to drop off completed applications." (*Id.*, ¶ 52)

Butt alleges that he was "normally scheduled to work for Defendants five days a week" and "normally scheduled to work … from 9:00 AM to 5:30 PM – which included a half-hour unpaid lunch break." (Am. Cplt., ¶¶ 47-48) He further claims that he "used to regularly start working at 8:00 AM," "regularly worked through [his] unpaid lunch breaks to make sales" and "often had to stay 30 to 60 minutes, or more, after the end of his scheduled shifts to finish any sales [he was] working on." (*Id.*, ¶¶ 50–52) Butt also asserts that he "often fielded phone calls

---

[3] Healthfirst disputes Plaintiff's allegations, but assumes—for purposes of this motion only—that the non-conclusory factual allegations contained in the Amended Complaint are true. *See Ifill v. United Parcel Serv.*, 2005 U.S. Dist. LEXIS 5230, at *1 n.1 (S.D.N.Y. Mar. 29, 2005).

and emails from customers and prospective customers in the evenings and on [his] days off." (*Id.*, ¶ 53)  Butt concludes that he "regularly worked between 1 to 2 or more off-the-clock hours per day for which [he] was not compensated" (*id.*, ¶ 54) and "regularly work[ed] more than 40 hours a week without being paid all of [his] earned overtime premiums" (*id.*, ¶ 57).

Butt concedes his "time-sheets did not accurately reflect all time worked because [he] … recorded [his] scheduled, *and not actual*, time worked."  (Am. Cplt. ¶ 46 (emphasis added))  He then summarily concludes—without any supporting factual allegations—that "Defendants knew that Plaintiff … regularly worked during [his] unpaid lunch periods, before and after [his] scheduled hours of work each day, and on days that [he] was scheduled off." (*Id.*, ¶ 56)  He does not plead any facts explaining how Healthfirst had such alleged knowledge, particularly in light of the timesheets he now says he falsified to underreport his time worked.

## <u>ARGUMENT</u>

### I.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR UNPAID OVERTIME BECAUSE THEY LACK THE NECESSARY FACTUAL ALLEGATIONS AND DEMONSTRATE THAT PLAINTIFF WAS NOT ENTITLED TO OVERTIME PAY

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the plaintiff's claims for relief. *Patane v. Clark*, 508 F.3d 106, 116 (2d Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lundy, supra,* 711 F.3d at 113 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must assert more than labels and conclusions.  *Bell Atl. Corp. v. Twombly***,** 550 U.S. 544, 555 (2007), and a court is not "bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." *Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Though a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded." *Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (finding allegations based upon information and belief insufficient as the plaintiff asserted no factual allegations that would render his statements anything more than speculative or conclusory).

Claims also can be dismissed on a motion under Fed. R. Civ. P. 12(b)(6) that raises an affirmative defense "if the defense appears on the face of the complaint." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003). This principle applies fully to affirmative defenses under the FLSA. *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 82 (2d Cir. 2015) (affirming dismissal of an FLSA claim under Fed. R. Civ. P. 12(b)(6) in which the allegations in the complaint established the exemption for recreational establishments); *Leger v. Kalitta,* 2018 WL 2057142 (E.D.N.Y. Jan. 26, 2018) (recommending dismissal of an FLSA complaint because the plaintiff's allegations demonstrated the air carrier exemption); *Volpe  v. American Lang. Comm'n Ctrs., Inc.*, 200 F.Supp.3d 428 (S.D.N.Y. 2016) (dismissing the FLSA claim, with prejudice, because the allegations in the complaint established that the plaintiff was ineligible for overtime pay as a teacher in an educational institution), *aff'd*, 692 Fed. Appx. 51 (2d Cir. 2017); *Fernandez v. Zoni Lang. Ctrs., Inc.*, 2016 WL 2903274 (S.D.N.Y. May 18, 2016) (dismissing FLSA claim where the allegations in the complaint established that the plaintiff was an exempt professional), *aff'd,*

858 F.3d 45 (2d Cir. 2017); *Cangelosi v. Gabriel Bros. Inc.*, 2015 WL 6107730, at *3 (S.D.N.Y. Oct. 15, 2015) (granting the defendant's motion to dismiss as "Plaintiff's own allegations in the Amended Complaint 'plainly and unmistakably' establish that he qualified as an exempt outside salesperson under both the FLSA and the NYLL" (citations omitted)).

### A.  THE AMENDED COMPLAINT FAILS TO STATE A VIABLE OVERTIME CLAIM

"To state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated times in excess of the 40 hours." *Lundy,* 711 F.3d at 114.  In other words, the plaintiff must allege that he actually performed work for 40 hours in a week and then work of some amount over 40 hours for which he was not compensated.  *Bowen v. Baldwin Union Free Sch. Dist.,* 2017 WL 4083553, at *4 (E.D.N.Y. Aug. 23, 2017).  Where FLSA liability is to be based on off-the-clock work, the employee must also show that the employer had actual or constructive knowledge that he was doing that work. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87 (1946); *Chao v. Gotham Registry, Inc.,* 514 F.3d 280, 287 (2d Cir. 2008) ("It is clear an employer's actual or imputed knowledge that an employee is working is a necessary condition to finding the employer suffers or permits that work.")  "The relevant knowledge is not 'I know the employee was working,' but 'I know the employee was working and not reporting his time.'"  *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 875 (6th Cir. 2012).

Butt's general allegations that he was "normally scheduled to work" five days per week, eight hours per day (Am. Cplt., ¶¶ 47-48), and that he "regularly worked between 1 to 2 or more hours off-the-clock hours per day for which he was not compensated" (*id.*, ¶ 54), are insufficient on their own to support his unpaid overtime claims.  *See Fridman v. GCS Computers LLC,* 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018) (finding allegations that the plaintiff "routinely worked a total of ten or more hours over forty hours per week" failed to state a plausible claim);

*Lusk v. Serve U Brands, Inc.*, 2018 WL 826857, at * 3 (W.D.N.Y. Feb. 12, 2018) (finding allegations that the plaintiffs "worked in excess of 40 hours on numerous occasions" without being paid overtime were insufficient to state viable claims for unpaid overtime); *Park v. FDM Grp. (Holdings) PLC*, 2017 WL 946298, at *4 (S.D.N.Y. Mar. 9, 2017) (holding allegations that the plaintiff "regularly worked over 40 hours," "arrives at work 'by 8:30am' and gets out 'around 6:45-7:15pm," "'quite frequently' had to work on weekends" and "was not able to even have a one hour lunch break" were insufficient to state a plausible overtime claim); *Johnson v. Equinox Holdings, Inc.,* 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) ("[G]eneralized and imprecise" allegations that the plaintiff "'typically worked between twenty-one and fifty hours per week, with an additional three to four hours off the clock' are insufficient to support a reasonable inference that [plaintiff], in fact, worked more than forty hours in a given week.").  Here, Butt also summarily alleges that he "regularly work[ed] more than 40 hours a week without being paid all of [his] earned overtime premiums."  (Am. Cplt., ¶ 57)  As the foregoing decisions demonstrate, this is the prototypical, "unadorned, the-defendant-unlawfully-harmed-me accusation" that courts have repeatedly rejected as insufficient to state a viable claim for relief.

In addition, the Amended Complaint is devoid of facts that make it plausible that Healthfirst was aware that Butt worked outside his scheduled hours without reporting it.  Butt concludes, without any factual support, that "Defendants knew that Plaintiff … regularly worked during [his] unpaid lunch periods, before and after [his] scheduled hours of work each day, and on days that [he was] scheduled off."  (Am. Cplt., ¶ 54)  Even if that allegation had some factual support – which it does not - knowledge of work is only part of the required showing.  To state a plausible claim, Butt also must establish that Healthfirst knew that he was not reporting that time.  *Briceno v. USI Servs. Grp., Inc.*, 2015 WL 5719727, at * 6 (E.D.N.Y. Sept. 29, 2015)

7

(quoting *White*, 699 F.3d at 875).  Butt's Amended Complaint alleges no facts from which it may plausibly be concluded that Healthfirst knew he was not accurately reporting his time worked in his timesheets.  Accordingly, it fails to state a claim and should be dismissed.  *Cf. Chodkowski v. County of Nassau*, 2017 WL 10637956, at * 11 (E.D.N.Y. Nov. 30, 2017) (dismissing the plaintiff's claim for failure to pay overtime for shift swaps because the "Amended Complaint is bereft of … any factual information regarding whether the Defendants had knowledge of and/or approved the [shift] swaps").  As Butt already tried to cure this deficiency, and failed, his claims should now be dismissed with prejudice.

### B.  THE AMENDED COMPLAINT DEMONSTRATES THAT PLAINTIFF WAS AN OUTSIDE SALESPERSON, NOT ELIGIBLE FOR OVERTIME PAY

Even if the Court finds that Butt has stated viable claims for unpaid overtime, those claims still fail because the allegations in the Amended Complaint confirm that he was an outside salesperson, exempt from the FLSA's and NYLL's overtime pay requirements.[4]

Congress specifically exempted from the FLSA's overtime pay requirements "any employee employed … in the capacity of outside salesman (as such term is defined and delimited from time to time by regulations of the Secretary)."  29 U.S.C. § 213(a)(1).  The Department of Labor's regulations define the term "outside salesman" to include an employee "whose primary duty is making sales [and] who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty."  29 C.F.R. § 541.500(a).  The question of how an employee spends his time working is one of fact, but the question of whether those activities exempt him from the FLSA is one of law.  *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219 (2d Cir. 2018).  At one time, it had been the practice of the

---

[4]  As noted, the Court may dismiss unpaid overtime claims under Fed. R. Civ. P. 12(b)(6) when, as here, an exemption is apparent from the face of the complaint.  *Chen,* 798 F.3d at 81.

courts to narrowly construe the FLSA's exemptions, but that is no longer the rule.  In 2018, the Supreme Court recognized that exemptions "are as much a part of the FLSA's purpose as the overtime-pay requirement" and therefore "courts 'have no license to give the exemption anything but a fair reading.'"  *Id.* at 228 (quoting *Encino Motorcars, LLC v. Navarro,* 138 S. Ct. 1134, 1142 (2018)).  Upon giving the "outside salesman" exemption a fair reading, it is clear that Butt's allegations satisfy both prongs of the exemption and therefore show he was not eligible for the overtime pay he seeks here.[5]

First, Butt alleges that his "primary work duties included selling Defendants' Healthfirst products" (Am. Cplt., ¶ 44) and therefore "does not dispute that his primary duty was making sales."  (Pl.'s pre-motion letter dated Feb. 14, 2019, p. 2 (Dkt. No. 10))  Thus, the first prong of the outside sales exemption is satisfied.

Butt's allegations also satisfy the second prong of the outside sales exemption, *i.e.*, that he engaged in his sales activity "away from [Healthfirst's] place of business."  For purposes of the outside sales exemption, an employer's place of business includes "any fixed site, whether home or office, used by a salesperson as a headquarters or for the telephonic solicitation of sales … even though the employer is not in any formal sense the owner or tenant of the property."  29 C.F.R. § 541.502.  Here, Healthfirst maintained a place of business in South Brooklyn to which Butt reported at the end of each day.  (Am. Cplt., ¶¶ 35-36)  However, Butt did not make sales from that office.  Instead, he made sales from various public locations, such as Coney Island Hospital, the Ida G Israel Community Health Center, and a host of different CVS stores.  (Am. Cplt., ¶¶ 37-40)  Butt did not use those locations as a "headquarters" or "for making telephone

---

[5]  As the outside salesman exemption under NYLL is essentially the same as under the FLSA, Butt's Second Claim for Relief under the NYLL must also be dismissed.  *Cf. Flood,* 904 F.3d at 228 n. 5 ("For purposes of the outside salesman exemption, there is no need to separately discuss New York Labor Law, because as we have previously concluded it tracks the FLSA.").

sales" and Butt does not allege he did.  Those locations are indisputably "away from Healthfirst's places of business" and confirm Butt was an outside salesperson.[6]  Because Plaintiff's own allegations in the Amended Complaint plainly and unmistakably establish that he was an exempt outside salesperson under both the FLSA and the NYLL, his first and second claims for unpaid overtime under those statutes must be dismissed.  *See, e.g., Cangelosi*, 2015 WL 6107730, at *2 (dismissing on the pleadings the plaintiff's FLSA and NYLL claims where the plaintiff's primary duty was selling jewelry and "however much time Plaintiff spent working from his home office, the Amended Complaint makes plain – and there is no dispute – that he conducted sales at customers' places of business with 'a frequency greater than occasional'").

In an attempt to avoid dismissal, Plaintiff amended his complaint to now allege, "on information and belief," that Healthfirst has "contracts" with some of the places where he made sales (*i.e.,* CVS and the Health and Hospitals Corporation), to "allow [Healthfirst] to set up locations inside these businesses and service providers where Plaintiff … can sell Medicare health insurance plans."  (Am. Cplt., ¶ 37)  This speculative conclusion is both insufficient and immaterial.  It is insufficient because Butt alleges no facts that render his conclusion plausible.  *See Munoz-Nagel v. Guess, Inc.*, 2013 WL 1809772, at 3 (S.D.N.Y. Apr. 30, 2013) ("Though a plaintiff may plead facts alleged upon information and belief 'where the belief is based on

---

[6]   In his pre-motion letter to the Court (Dkt. No. 10), Butt distorted the definition of the employer's place of business by altering the words of the regulation from "any fixed site, whether home or office, used by a salesperson as a headquarters or for the telephonic solicitation of sales" to "any fixed site [where the employee makes sales]."  *Compare* 29 C.F.R. § 541.502 *with* Dkt. No. 10, p. 2 (bracketed language in original).  The exemption applies to "outside" sales, not "outdoor" sales, and the fact that Butt made sales inside fixed sites also does not affect his status as an outside salesman.  Butt's narrow interpretation of the regulation is improper, *see Flood*, 904 F.3d at 228, and inconsistent with its text, *see, e.g.*, *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 93 (E.D.N.Y. 2015) ("Plaintiffs read 29 C.F.R. § 541.502 as restricting 'away from the employer's place of business' to apply only to sales made at the customers' place of business or home…. Plaintiff's narrow reading of 29 C.F.R. § 541.502 is not supported by its text…. Indeed, the regulation itself refers to other locations where 'outside sales' can occur").

factual information that makes the inference of culpability plausible,' *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010), such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Prince v. Madison Sq. Garden,* 427 F.Supp.2d 372, 385 (S.D.N.Y. 2006) (citation omitted); *see also Williams v. Calderoni,* 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) (finding pleadings based upon information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions)"). Therefore, the Court should not consider such conclusory allegations.[7] Moreover, Butt alleges that he also made sales at various doctors' offices, but does not allege that Healthfirst had contracts with any of them.

In any event, whether or not Healthfirst arranged with the hospital or pharmacy for the salesperson's access, or the salesperson made such arrangements himself, does not convert the location into "the employer's place of business." On this point, the decision in *Lane v. Humana Marketpoint, Inc.,* 2011 WL 2181736, at *3 (D. Idaho June 3, 2011), is particularly instructive. In *Lane*, the plaintiffs, like Butt, enrolled individuals in Medicare plans. They used their homes as their headquarters and worked inside Walmart stores several hours a day. In rejecting the plaintiff's argument that Walmart was therefore Humana's place of business, the court held:

> Not every public location where sales presentations … and the like took place were Humana's place of business. The regulations define "away from" as a "fixed site …used as a headquarters," while some of these public locations that sales took place could arguably be considered "fixed sites," they were not used by Plaintiffs as headquarters.

*Id.* Similarly, in *Martinez v. Superior Healthplan, Inc.*, 2019 WL 1048856, at *9, 12 (W.D. Tex. Mar. 5, 2019), Medicare sales representatives who had assigned territories and held "the majority of sales meetings" at "prospects' residences or senior centers" were also exempt outside

---

[7] Indeed, Healthfirst had no such contracts and can provide a supporting affidavit, if necessary, upon the Court's request.

salesmen even though the senior centers are "fixed locations," just like hospitals and pharmacies.

In summary, Butt clearly alleges that his primary duty was sales and that he performed that duty in a variety of public places.  The only question before the Court is one of law: whether those places (pharmacies, hospitals and doctors' offices) qualify as Healthfirst's places of business.  As it is undisputed that Butt did not use those locations as a "headquarters or for the telephonic solicitation of sales," they were not Healthfirst's offices, as defined in the regulation.  This confirms that Butt was an outside salesman ineligible for overtime pay under the FLSA or NYLL.  The Court should accordingly dismiss his First and Second Claims for Relief.[8]

## CONCLUSION

For all these reasons, the Court should dismiss the First and Second Claims for Relief, with prejudice, and dismiss the remaining claims, all of which allege violations of state law, for lack of subject matter jurisdiction.

Dated: April 3, 2019
      Rye, New York

Respectfully submitted,

/s/ Andrew P. Marks
Andrew P. Marks
David S. Warner

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com

*Attorneys for Defendants*

---

[8]  In a prior case involving Healthfirst, *Alburquerque v. HealthFirst, Inc.*, 11-civ-2634 (E.D.N.Y. 2011), Medicare sales representatives filed a putative collective and class action against Healthfirst alleging violations of the FLSA and NYLL for failure to pay overtime.  As here, Healthfirst moved to dismiss that claim based on the outside sales exemption.  Plaintiffs alleged in that case that Healthfirst "deployed Plaintiffs … to various fixed locations, such as hospitals, clinics, physician's offices, and government agency offices" (Dkt. No. 1, ¶ 4) and, as here, Defendants sought to dismiss the complaint based on the outside sales exemption (Dkt. No. 18).  This Court granted the stipulation of dismissal *with prejudice* following Plaintiffs' counsel's concession in open court that the plaintiffs were indeed exempt outside salespersons.