UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMIR BUTT,

               Plaintiff,

      -against-

HF MANAGEMENT SERVICES, LLC and
HEALTHFIRST PHSP, INC.,

           Defendants.

Case No. 18-cv-07017 (AMD)(LB)

---

## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

---

*Of Counsel:*
 Andrew P. Marks
 David S. Warner

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
 amarks@dorflaw.com
dwarner@dorflaw.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................3

ARGUMENT ..............................................................................................4

PLAINTIFF FAILS TO STATE A CLAIM FOR UNPAID OVERTIME ........................4

PLAINTIFF WAS AN EXEMPT OUTSIDE SALES PERSON ........................................6

THE COURT SHOULD EXERCISE ITS DISCRETION AND DISMISS
PLAINTIFF'S REMAINING UNRELATED CLAIMS UNDER STATE LAW..............9

CONCLUSION............................................................................................11

## TABLE OF AUTHORITIES

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) ................................................. 5

*Briceno v. USI Services Group, Inc.,* 2015 WL 5719727 (E.D.N.Y. Sept. 29, 2015) ........ 5

*Cangelosi v. Gabriel Bros. Inc.,* 2015 WL 6107730 (S.D.N.Y. Oct. 15, 2015) ................. 8

*Chen v. Major League Baseball Props., Inc.,* 798 F.3d 72 (2d Cir. 2015) ................... 6, 10

*Chodkowski v. County of Nassau,* 2017 WL 10637956 (E.D.N.Y. Nov. 30, 2017) .......... 6

*DeJesus v. HF Mgmt. Serv., LLC,* 726 F.3d 85 (2d Cir. 2013), *cert. denied,* 571 U.S. 1128 (2014) ............................................................................................................................... 4

*Encino Motorcars, LLC v. Navarro,* 138 S. Ct. 1134 (2018) ........................................... 9

*Flood v. Just Energy Mktg. Corp.,* 904 F.3d 219 (2d Cir. 2018) ...................................... 9

*Freeman v. Kaplan, Inc.,* 132 F. Supp. 3d 1002 (N.D. Ill. 2015) ................................. 8, 9

*Lane v. Humana Marketpoint, Inc.,* 2011 WL 2181736 (D. Idaho, June 3, 2011) ............ 8

*Li v. China House,* 35 F. Supp. 3d 300 (E.D.N.Y. 2014) ................................................ 10

*Lundy v. Catholic Health Sys.,* 711 F.3d 106 (2d Cir. 2013) ....................................... 4, 5

*Martinez v. Superior Healthplan, Inc.,* 2019 WL 1048856 (W.D. Tex. Mar. 5, 2019) ...7, 8

*Mendez v. U.S. Nonwovens Corp.,* 2 F. Supp. 3d 442 (E.D.N.Y. 2014) ........................... 5

*The Hertz Corp. v. Friend,* 559 U.S. 77 (2010) ................................................................ 8

*Vasto v. Credico (USA) LLC,* 2017 WL 4877424 (S.D.N.Y. Oct.27, 2017) .................... 7

*Volpe v. American Language Comm. Ctr., Inc.,* 200 F. Supp. 3d 428 (S.D.N.Y. 2016), *aff'd,* 692 Fed. Appx. 51 (2d Cir. 2017) ..........................................................................10

*Wolman v. Catholic Health Sys.,* 853 F. Supp. 2d 290 (E.D.N.Y. 2012) ......................... 5

Healthfirst Management Inc. and Healthfirst PHSP, Inc. ("Healthfirst") submit this reply memorandum of law in further support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First and Second Claims for Relief in Plaintiff's Amended Complaint for failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiff acknowledges that he was paid overtime when he reported to Healthfirst that he had worked more than 40 hours in a week. (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Pl. Mem.) at 3). So this is not a typical case about an alleged refusal to pay overtime or a non-exempt employee who was improperly paid a fixed salary. Rather, Amir Butt is a disgruntled former employee seeking compensation for hours he claims he secretly worked in violation of Healthfirst's policy. However, the amended complaint fails to plead a plausible violation of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") because Butt offers only generalized and conclusory allegations about his "normal schedule" (Am. Cplt. ¶¶ 47-48) or his "regular" start and stop times  (Am. Cplt. ¶¶ 49-51), and he fails to allege any facts from which the Court can plausibly infer that Healthfirst knew or should have known that he was working off-the-clock. Moreover, the Court should dismiss the amended complaint with prejudice because Butt acknowledges that he was an outside salesperson exempt from the overtime and minimum wage requirements of the FLSA and NYLL and his opposition to the motion to dismiss offers no fact or rationale on which this Court can reach the opposite conclusion.

<u>ARGUMENT</u>

## I.  PLAINTIFF FAILS TO STATE A CLAIM FOR UNPAID OVERTIME

### A.  The amended complaint fails to identify any workweek when Plaintiff worked more than forty hours without being paid overtime.

Plaintiff does not deny that in order to state a plausible FLSA overtime claim, he "must sufficiently allege 40 hours of work *in a given workweek* as well as some uncompensated times in excess of the 40 hours." *Lundy v. Catholic Health Sys.,* 711 F.3d 106, 114 (2d Cir. 2013)(emphasis added). The *Lundy* plaintiffs failed to meet this standard because although they approximated the hours they *typically* worked, even *setting out their typical breaks and shift lengths,* the complaint did not allege they worked over forty hours in any particular week. Similarly, plaintiff here refers to "normal[] schedule" (Am. Cplt. ¶¶ 47-48) and his "regular[] start" time, his "regular[]" breaks worked through or his "often" late stays  (Am. Cplt. ¶¶ 50–52) or "often" interrupted days off" (Am. Cplt. ¶ 53).   The "typical" hours were not sufficient to state a claim in *Lundy*, and the "regular" hours set forth by Butt do not state a claim here.   As in *Lundy*, "[m]aybe [Butt] missed *all* of [his] meal breaks, and *always* worked an additional 30 minutes before and two hours after [his] shifts, and maybe some of these labors were performed in a week when [he] worked more than [his] four shifts. But this invited speculation does not amount to a plausible claim under FLSA." *Id.* at 115.

Nor does Butt's additional allegations that he "regularly work[ed] more than 40 hours a week without being paid all of [his] earned overtime premium" (Am. Cplt. 57) or that he "regularly worked 1 to 2 or more off the clock hours per day for which [he] was not compensated" save the otherwise implausible claim. *DeJesus v. HF Mgmt. Servs, LLC*, 726 F.3d 85, 89 (2d Cir. 2013), *cert. denied,* 571 U.S. 1128 (2014), makes precisely that point when the Court held that the allegation that plaintiffs "regularly worked" more than forty hours a week and

4

were not properly compensated," was "too meager, vague, or conclusory" to survive a motion to dismiss. *Id.* (internal quotation marks omitted).

Butt's complaint does not identify any *given workweek* when he worked more than forty hours without being compensated for the overtime hours during that workweek. His opposition to the motion to dismiss simply reiterates the generalities of his amended complaint. While it may be *possible* to assume from generalities plaintiff posits that he worked unpaid overtime in some weeks, possible is not synonymous with plausible. Nothing in the complaint plausibly demonstrates that there was any given work when plaintiff worked all the hours of his "normal schedule" plus worked through his lunch or during unscheduled hours, did not report those hours and was not paid. Thus, the complaint fails to state a claim on which relief can be granted.[1]

### B. Plaintiff points to no allegations in his Amended Complaint that make it plausible that Healthfirst knew he worked more than his reported overtime hours for which he was fully compensated.

Liability for off-the-clock work may be found only if the employee proves that the employer had actual or constructive knowledge that he was doing that work. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87 (1946). Therefore, to state a claim, Butt must allege facts making it plausible to infer that Healthfirst knew that he was not reporting all of his time. *Briceno v. USI Services Group, Inc.,* 2015 WL 5719727 at * 6 (E.D.N.Y. Sept. 29, 2015); *Wolman v. Catholic Health Sys.,* 853 F. Supp. 2d 290, 305 n.13 (E.D.N.Y. 2012), *aff'd sub nom Lundy v. Catholic Health Sys., Inc.,* 711 F.3d 106 (2d Cir. 2013)(Even if the Lead Plaintiffs

---

[1] *Mendez v. U.S. Nonwovens Corp.,* 2 F. Supp. 3d 442 (E.D.N.Y. 2014), cited by plaintiff as a case where the complaint did state an overtime claim is readily distinguishable. In *Mendez,* plaintiffs alleged a particular week when they worked but were not paid for overtime. "For example, Molina alleges that in December 2011, he worked ninety-six hours in one week, but was only paid for seventy hours…. Melendez alleges that in September of 2012, she worked approximately fifty hours in one week, but she was only paid for forty hours." Butt makes no such specific allegations, leaving the Court to engage in the very speculation *Lundy* rejected as insufficient.

sufficiently pled that they worked overtime hours without compensation, they are only entitled to compensation for those hours if the employer knew or should have known that the additional hours were being worked. The Court finds that Defendants' knowledge has been adequately pled here.)(interna citation omitted).  Plaintiff's attempt to distinguish *Chodkowski v. County of Nassau*, 2017 WL 10637956 at *8 (E.D.N.Y. Nov. 30, 2017) is unavailing.  That case involved a FLSA overtime claim based on additional work plaintiffs' performed during swap shifts.  The complaint was dismissed because, among other things, it contained no factual information regarding whether the defendants had knowledge of the additional work.  Butt does not overcome that deficiency by simply alleging that he was directed to give his cell phone number to customers.  If true, that is entirely consistent with his role as an outside salesperson.  Nothing about that simple allegation plausibly suggests that he used his cell phone for business outside his reported work hours, much less that Healthfirst knew he was not reporting that work on his timesheets.

In sum, Butt's Amended Complaint contains no factual allegations from which it plausibly may be concluded that Healthfirst knew he was not reporting his time worked. Accordingly, it fails to allege facts to make plausible an essential element of his off-the-clock claim and the amended complaint should be dismissed.

## II.  PLAINTIFF WAS AN EXEMPT OUTSIDE SALES PERSON

Plaintiff concedes that the FLSA exempts from its overtime and minimum wage requirements any employee employed as an outside salesman. 29 U.S.C. § 213(a)(1)  Because it is undisputed that a motion to dismiss must be granted when the allegations of the complaint establish an FLSA exemption, *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72 (2d Cir. 2015), and because plaintiff "does not dispute that his primary duty was making sales" (Pl. Mem.

10), the only issue remaining before the court is whether he was "engaged away from [Healthfirst's] place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a).[2]

Plaintiff alleges that he made sales at various locations, such as Coney Island Hospital, the Ida G. Israel Community Health Center, and a host of different CVS stores. (Am. Cplt. ¶¶ 37-40)   In addition, Plaintiff claims that he "often fielded phone calls and emails from customers and prospective customers in the evenings and on [his] days off." (Am. Cplt. ¶¶ 53) Although he does not allege where he was when he fielded these calls and emails, presumably he was somewhere other than a hospital or a CVS store.

Contrary to Plaintiff's contention, the outside sales exemption is not limited to salespersons who effectuate sales at a customer's home or place of business. (Pl. Mem. 12-13) The regulations require only that the employee "be customarily and regularly engaged *away from the employer's place* or places of business." 29 C.F.R. § 541.502 (emphasis added).   Plaintiff's constrained interpretation is refuted by the text of the regulation itself, which states that an employee "does not lose the exemption by displaying samples in hotel sample rooms" or at a trade show if actual selling occurs.   Clearly, hotel rooms and trade shows are neither a customer's home nor place of business.

---

[2]   Plaintiff mentions in passing that Healthfirst "classified Plaintiff as a non-exempt employee entitled to overtime." (Pl. Mem. 10).  To the extent he implies that prior payment of overtime constitutes a waiver of the exemption, Plaintiff is off base.  Outside salesmen are exempt from overtime and minimum wage; therefore the salary basis requirement does not apply.  29 C.F.R. § 541.500.  Even if it did, the payment of overtime to an otherwise non-exempt employee does not waive the exemption.  29 C.F.R. § 541.604.  Further, an employee exempt from overtime is not entitled to recover on the grounds that he had been previously misclassified.  See *Martinez v. Superior Healthplan, Inc.*, 2019 WL 1048856 (W.D. Tex. Mar. 5, 2019)(claim for overtime by allegedly misclassified independent contractors denied on grounds that if they were employees, they would be exempt outside salesmen); *Vasto v. Credico (USA) LLC*, 2017 WL 4877424 (S.D.N.Y. Oct. 27, 2017) (Same)

Equally unsupported is Plaintiff's assertion that his headquarters, and therefore Defendants' place of business, is where ever he happens to be working on a given day. The regulation refers to "*any* fixed site … used by a salesperson *as a headquarters*." 29 C.F.R. § 541.502 (emphasis added). Like a corporation, a salesperson can have but one headquarters, *i.e.* "the actual center of direction, control, and coordination". *The Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). For plaintiff that might be his home or Healthfirst's Brooklyn office or even a particular hospital or CVS store. But it cannot be all of the above. As Plaintiff claims he worked regularly at a host of locations outside of Healthfirst's offices, he was by definition customarily and regularly engaged away from his headquarters qualifying as Healthfirst's place of business. *See Cangelosi, supra* 2015 WL 6107730 at *2 (dismissing FLSA and NYLL claims where the plaintiff's primary duty was selling jewelry and "however much time Plaintiff spent working from his home office, the Amended Complaint makes plain … and there is no dispute – that he conducted sales as customers' places of business with 'a frequency greater than occasional'").

Finally, whether Healthfirst had a continuing presence at the fixed sites where it directed Plaintiff to work does not convert those sites Healthfirst's place of business. In *Lane v. Humana Marketpoint, Inc.*, 2011 WL 2181736 at *3 (D. Idaho, June 3, 2011), the company regularly assigned salespersons to sell insurance policies inside Walmart stores, but that did not make the Walmart stores Humana's places of business because they were not a fixed site used by the salesperson as a headquarters. *Accord, Martinez, supra (*noting senior centers were not the company's places of business).

The only case Plaintiff relies upon, *Freeman v. Kaplan, Inc.*, 132 F. Supp. 3d 1002 (N.D. Ill. 2015), stands alone from all of the other courts that have addressed the issue and is readily

8

distinguishable and outdated. Unlike Butt, the plaintiff in *Freeman* made sales at one location only: Loyola University. As this was a fixed site that she used as her headquarters, the court found it qualified as one of Kaplan's places of business. *Id.* at 1012. Furthermore, the *Freeman* case was decided based on the now outdated presumption that the FLSA exemptions should be narrowly construed, *Id.* at 1007. That presumption has since been rejected by the Supreme Court, *see Encino Motorcars, LLC v. Navarro,* 138 S.Ct. 1134, 1142 (2018), and as stated by the Second Circuit in *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 228 (2d Cir. 2018), "courts 'have no license to give the exemption anything but a fair reading.'" This point is critical here as the court in *Freeman* acknowledged that if the words of the outside sales exemption "were given their ordinary meanings, Kaplan's motion [for summary judgment] could be granted, and rather easily." 132 F. Supp. 3d at 1007.

In short, Plaintiff concedes that the question before the Court is purely one of law, *i.e.,* whether CVS Pharmacies, Health and Hospitals Corporation and doctors' offices are Healthfirst's places of business for purposes of the outside sales exemption. Because Plaintiff alleges he worked at all of them, and not just one, his own allegations demonstrate that he worked away from any headquarters that might be considered Healthfirst's place of business and that he qualifies for the outside sales exemption. The Amended Complaint, therefore, fails to state viable claims under the FLSA or the NYLL, and those claims should be dismissed.

## III. THE COURT SHOULD EXERCISE ITS DISCRETION AND DISMISS PLAINTIFF'S REMAINING UNRELATED CLAIMS UNDER STATE LAW

Defendant' motion addresses the insufficiency of Plaintiff's first two causes of action for overtime pay under the FLSA and NYLL. As the Court's jurisdiction is based on the federal FLSA claim (Am. Cplt., ¶ 7), if that claim is dismissed, it is appropriate at this early stage of the dispute for the Court to exercise its discretion and dismiss the essentially unrelated third and

fourth causes of action under state law for allegedly noncompliant wage statements and alleged

failure to pay commissions.  As the court explained in *Volpe v. American Lang. Comm. Ctr.,*

*Inc.,* 200 F.Supp.3d 428 (S.D.N.Y. 2016), *aff'd*, 692 Fed. Appx. 51 (2d Cir. 2017):

> A district court's exercise of supplemental jurisdiction is governed by 28
> U.S.C. § 1367(a), which provides that "in any civil action of which the district
> courts have original jurisdiction, the district courts shall have supplemental
> jurisdiction over all other claims that are so related to claims in the action within
> such original jurisdiction that they form part of the same case or controversy ...."
> Subsection (c) provides that a district court "may" decline to exercise
> supplemental jurisdiction over a claim if the court has dismissed all claims over
> which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in
> which all federal-law claims are eliminated before trial, the balance of factors to
> be considered under the pendent jurisdiction doctrine—judicial economy,
> convenience, fairness, and comity—will point toward declining to exercise
> jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee,*
> 316 F.3d 299, 305 (2d Cir.2003) (quoting *Carnegie–Mellon University v. Cohill,*
> 484 U.S. 343, 349–50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). Here, all of
> Plaintiff's FLSA claims have been dismissed. Accordingly, judicial economy,
> fairness, convenience and comity will be served best by declining to exercise
> supplemental jurisdiction over Plaintiff's remaining NYLL claims. Plaintiff's
> NYLL claims are DISMISSED without prejudice.

*Accord, Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 460-61 (E.D.N.Y. 2014)(dismissing

state wage claims after granting the defendant's motion to dismiss the plaintiff's FLSA claim

based on recreational facility exemption); *aff'd on other grounds,* 798 F.3d 72 (2d Cir. 2015);  *Li*

*v. China House*, 35 F. Supp. 3d 300,  309-10 (E.D.N.Y. 2014)(granting motion to dismiss FLSA

claims based on lack of employee coverage and declining to exercise supplemental jurisdiction

over  NYLL wage claims).

## **CONCLUSION**

For all the foregoing reasons, defendants' motion to dismiss should be granted.

Dated: May 17, 2019

Respectfully submitted,

_____
Andrew P. Marks
David S. Warner

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600

11