# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10004
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701

May 21, 2019

VIA ECF

Honorable Ann Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Butt v. HF Management Services, LLC., et. al.*
             18-cv-07017 (AMD)(LB)

Dear Judge Donnelly:

      We represent Plaintiff Amir Butt and the putative Collective and Class in the above referenced action. We write to respectfully request permission to file a sur-reply to respond to an erroneous and misleading assertion, first introduced by Defendants in their Reply Memorandum of Law filed on May 17, 2019.

      Defendants misquote *Hertz Corp. v. Friend*—a decision on diversity jurisdiction—to assert, without support from FLSA case law, that both a corporation and a salesperson "can have but one headquarters" for purposes of the outside sales exemption analysis. (Defs.' Reply Br. 9, ECF Nos. 17, 18 (citing to *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).) In *Hertz Corporation*, the Supreme Court clarified the meaning of the phrase, "principal place of business," in 28 U.S.C. § 1332(c)—for purposes of determining the citizenship of a corporation in diversity jurisdiction. *Id.* at 80. Defendants fail to explain how a court ruling on corporate citizenship in the diversity context is relevant to the outside sales exemption analysis here. Defendants' reliance on *Hertz Corp.* is misguided.

      Even if the issue in the instant motion were diversity jurisdiction, Defendants' citation to *Hertz Corporation* does not support their assertion that a corporation (and a salesperson) "can have but one headquarters." Defendants conflate the *Hertz Corporation* court's definition of a corporation's "principle place of business" with a definition of "headquarters." They quote the phrase "the actual center of direction, control, and coordination" as if it were a definition of "headquarters" when the *Hertz Corporation* court used that phrase to describe those instances in which the headquarters should be used as the "principle place of business."[1] (Defs.' Br. 9

---

[1] The full sentence from which Defendants quote shows that this is not a definition of "headquarters":

(quoting *Hertz Corp.*, 559 U.S. at 93).)  A few paragraphs later in the *Hertz Corporation* decision, the Supreme Court makes clear that a corporation can have more than one headquarters when it states, "[a] corporation's 'nerve center,' usually its *main* headquarters, is a single place…", which implies that a corporation can have other headquarters which are not its "main headquarters." *Hertz Corp.*, at 93 (emphasis added).  This language from the Supreme Court is consistent with courts' recognition that "for purposes of the outside salesman analysis" an employee can work from more than one of the employer's "places of business."  *Kinney v. Artist & Brand Agency LLC*, 13-cv-8864 (LAK)(DF), 2015 WL 10714080, at *21 (S.D.N.Y. Nov. 24, 2015) ("Thus, both Plaintiff's home office and the Momentum office should be considered Defendants' places of business for purposes of the outside salesman analysis . . .").

      For the foregoing reasons, Plaintiff respectfully requests the opportunity to submit a sur-reply limited to the above issue.  Alternatively, Plaintiff respectfully requests that the Court permit the instant letter to be deemed Plaintiff's sur-reply and made a part of the record.

      We thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          /S/ DAVID HARRISON
                                          David Harrison

cc: All Counsel of Record (VIA ECF)

---

> And in practice ["the principle place of business"] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 93.