FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 14 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

AMIR BUTT,

                  Plaintiff,

    – against –

HF MANAGEMENT SERVICES, LLC, AND
HEALTHFIRST PHSP, INC.,

                  Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION
AND ORDER**

18-cv-07017 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

On January 23, 2019, the plaintiff filed this action on behalf of himself and other

Medicare sales marketing representatives employed by HF Management Services, LLC, alleging

that their employer failed to pay them overtime wages as required by the Fair Labor Standards

Act, 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law §§ 650 *et seq.*, failed to furnish

accurate wage statements in violation of New York Labor Law § 195, and failed to pay them

commissions in violation of New York Labor Law § 193. (ECF No. 8.) On April 3, 2019, the

defendants moved to dismiss the claims against them. (ECF Nos. 13, 14.) For the reasons that

follow, I grant the defendants' motion to dismiss.

### BACKGROUND[1]

The defendants operate a provider-sponsored health insurance company that offers

Medicaid, Medicare Advantage, Child Health Plus, and Managed Long Term Care health

insurance plans. (ECF No. 8 ¶¶ 31-32.) The named plaintiff worked as a marketing

---

[1] For purposes of this motion, I accept as true the factual allegations in the complaint and draw all
reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed Hous. Fin. Agency,* 699 F.3d
221, 227 (2d Cir. 2012).

1

representative for the defendants from February of 2017 to April 27, 2018. (*Id.* ¶ 9.) The defendants tasked marketing representatives to sell Medicare health insurance plans to prospective clients in specific geographical zones. (*Id.* ¶¶ 33-34.)

The named plaintiff was assigned to work in the defendants' "Brooklyn South" zone. (*Id.* ¶ 36.) The defendants maintained three offices in Brooklyn, and directed the plaintiff to report to their Brooklyn South office on 86th Street. (*Id.* ¶¶ 35-36.) From there, the defendants assigned the plaintiff to spend three days a week or more at set locations within Coney Island Hospital and the Ida G Israel Community Health Center, and one day a week or more at set locations within CVS pharmacies. (*Id.* ¶¶ 38-39.) The defendants occasionally assigned the plaintiff to work at specific doctors' offices. (*Id.* ¶ 40.)

At these locations, the plaintiff set up marketing stations—using tables and signs provided by the defendants—and attempted to sell the defendants' insurance products. (*Id.* ¶ 42.) The plaintiff's primary work duties include selling the defendants' products, providing customer service, and filling out forms and paperwork. (*Id.* ¶ 44.) The plaintiff believes that the defendants have contracts with these locations that allow them to market and sell Medicare health insurance plans on site. (*Id.* ¶ 37.)

The defendants scheduled the plaintiff to work an eight-and-a-half-hour shift—from 9:00 a.m. to 5:30 p.m.—including an unpaid half-hour lunch break, for five days a week. (*Id.* ¶ 48.) The plaintiff alleges that he regularly started work at 8:00 a.m., worked through his lunch break, and spent thirty to sixty minutes after his shift finishing sales, answering customer questions, and delivering completed paperwork to the defendants' Brooklyn South office. (*Id.* ¶¶ 50-52.) The plaintiff also alleges that management required him to provide his cell phone number to customers, which resulted in the plaintiff working hours outside his shift to answer questions

from customers and prospective customers. (*Id.* ¶ 53.) Finally, the plaintiff alleges that the defendants scheduled him to work a sixth day during busy times, such as the open enrollment period. (*Id.* ¶ 47.)

The plaintiff claims that he was not compensated for his post-shift work and estimates that he worked between one to two hours per day overtime that was not compensated. (*Id.* ¶¶ 54-55.)

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The alleged facts must "raise a right to relief above the speculative level…" *Twombly*, 550 U.S. at 556. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Pleadings must be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## DISCUSSION

The defendants argue that the plaintiff has failed to state a claim for unpaid overtime because his allegations do not support a reasonable inference that he worked more than forty hours in a given week or that his employer knew that he was working overtime. The defendants argue that even if the plaintiff had made a viable overtime claim, the plaintiff is an "outside salesperson" exempt from the FLSA's and NYLL's overtime pay requirements. The plaintiff responds that he has alleged enough facts to state a claim for unpaid overtime, and that the defendants' remaining arguments are better suited for a motion for summary judgment.

3

I.    **The Plaintiff's Overtime Claim**

Under both federal and New York law, employees who work more than forty hours a week must be compensated for any additional hours at a rate of at least one and a half times their regular hourly wage. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a); 12 N.Y.C.R.R. § 146-1.4; *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (noting that the NYLL adopts the FLSA definition of overtime); *Valdez v. H & S Rest. Operations, Inc.*, No. 14-CV-4701, 2016 WL 3079028, at *3 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016) ("New York's Labor Law is the state analogue to the federal FLSA.  Although the Labor Law does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of annual sales, it otherwise mirrors the FLSA in compensation provisions regarding overtime wages.") (internal citations omitted).

To plead a plausible FLSA overtime claim, the plaintiff must provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week. *Nakahata*, 723 F.3d at 201; *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  The degree of specificity required to state an overtime claim is "context-specific," and "requires the reviewing court to draw on its judicial experience and common sense." *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679).

Nevertheless, the Second Circuit has provided guidance in a trio of cases:  *Lundy*, *Nakahata*, and *Dejesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013).  First, the plaintiff must allege the hours of assigned work in a given week. *Nakhata*, 723 F.3d at 201 (plaintiffs alleged that they "were not compensated for work performed during meal breaks,

4

before and after shifts, or during required trainings," but did not allege that they "were scheduled to work forty hours in a given week."). Second, the plaintiff's allegations of overtime must push the total number of hours worked beyond forty hours in a given week. *See Lundy*, 711 F.3d at 114-15; *Dejesus*, 726 F.3d at 88-89 ("The allegations in *Lundy* thus failed because of arithmetic: tallying the plausible factual allegations, we could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime."). Third, consistent with modern pleading standards, the plaintiff must provide factual content and context to his allegations to make his overtime claim plausible; he cannot merely repeat the statutory language and use numbers "plucked from the statute." *Dejesus*, 726 F.3d at 89 (the plaintiff's allegation that she worked overtime was "so threadbare or speculative that it failed to cross the line between the conclusory and the factual.") (alterations and citations omitted).

With these principles in mind, I find that the plaintiff has plausibly pled an FLSA claim for overtime. The complaint alleges that the plaintiff was scheduled to work a baseline of forty hours per week, and that he worked during his lunch period, and before and after work because of the demands associated with his primary work duties—answering client questions, dropping off paperwork, and setting up and taking down marketing stations.[2] The plaintiff's allegations thus demonstrate that he worked some number of hours exceeding forty hours per week, and describe how he spent those hours fulfilling his primary work duties. At this stage of the proceedings, that is sufficient to state an FLSA overtime claim.[3] *See Dejesus*, 726 F.3d at 90

---

[2] The plaintiff also alleges that he worked a sixth day during open enrollment periods. I disregard this allegation because it is not pled with sufficient specificity as to the days or weeks that comprise the open enrollment period.

[3] That the plaintiff alleges that he "regularly" worked one to two hours overtime per week does not mean that the pleading is insufficient, vague, or general. "*Dejesus* does not preclude a plaintiff from proceeding with an FLSA claim based on an allegation that [his] work was consistent across a given time period." *Gayvoronskaya v. Americare, Inc.*, 15-CV-6641, 2018 WL 4378162, at *4 (E.D.N.Y. Mar. 26, 2018); *see also Pichardo v. Hoyt Transp. Corp.*, 2018 WL 2074160, at *5 (E.D.N.Y. Jan. 31,

("While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place.").

The facts in this case are distinguishable from the cases upon which the defendants rely, almost all of which involved claims that were dismissed because the plaintiff failed to abide by the Second Circuit's rulings. *See, e.g.*, *Bowen v. Baldwin Union Free School District*, 15-CV-6829, 2017 WL 4083553, at *5 (E.D.N.Y. Aug. 23, 2017) ("Yet, plaintiff fails to aver the total hours typically worked in a week, or his scheduled start time such that the court can calculate those hours. Wholly absent from the amended complaint is any allegation that plaintiff actually performed work for 40 hours in a week.") (internal quotation marks and citation omitted), *report and recommendation adopted*, 2017 WL 4083573 (E.D.N.Y. Sept. 14, 2017); *Fridman v. GCS Computer, LLC*, 17-CV-6698, 2018 WL 1581990 (S.D.N.Y. Mar. 27, 2018) ("…Plaintiff needs to provide content and context to his allegations to make his overtime claim plausible.") (citations and alterations omitted); *Lusk v. Serve U Brands, Inc.*, No. 17-CV-06451, 2018 WL 826857, at *3 (W.D.N.Y. Feb. 12, 2018) ("Named Plaintiffs allege that they worked in excess of 40 hours on 'numerous occasions' without being paid at least one and one-half time their regular rate. This allegation is essentially the same as the allegation the Second Circuit found insufficient in *Dejesus*."). Furthermore, as discussed above, these facts are readily distinguishable from the allegations found wanting in *Lundy*, *Nakhata*, and *Dejesus*. The plaintiff has alleged that he worked a baseline of forty hours per week, that his post-shift work

---

2018) ("Contrary to defendants' argument, the Second Circuit in *Lundy* did not hold that the mere mention of a 'typical' workweek schedule transforms an otherwise valid pleading into an invalid one.").

pushed his hours worked beyond forty hours per week, and that his post-shift tasks consisted factually of his primary work duties.

The defendants' argument that the plaintiff must plead employer knowledge is better suited for a motion for summary judgment. In support of this argument, the defendants cite a case with a developed factual record (*Briceno v. UI Servs. Grp., Inc.*, No. 09-CV-4252, 2015 WL 5719727, at *6 (E.D.N.Y. Sept. 29, 2015)), and a case brought under the FLSA's shift swap rules which require that the employer "approve" the swap (*Chodkowski v. County of Nassau*, No. 16-CV-5770, 2017 WL 10637956, at *11 (E.D.N.Y. Nov. 30, 2017)). The defendants do not cite, and I have not found, a case requiring an FLSA overtime plaintiff to plead employer knowledge. *See Bonn-Wittingham v. Project O.H.R. (Office of Homecare Referral), Inc.*, No. 16-CV-541, 2016 WL 7243541, at *10 n.11 (E.D.N.Y. Dec. 14, 2016), *aff'd sub nom. Bonn-Wittingham v. Project OHR, Inc.*, No. 18-1781, 2019 WL 6273405 (2d Cir. Nov. 25, 2019).

## II.    The Defendants' Outside Salesperson Affirmative Defense

Section 213(a)(1) of the FLSA exempts a person employed "in the capacity of outside salesmen" from the FLSA's overtime requirements. 29 U.S.C. § 213(a)(1). To qualify as an outside salesperson, an employee must (1) have the primary duty of making sales and (2) be "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a). A claim of exemption under the FLSA is an affirmative defense, on which the employer bears the burden of proof. *See Dejesus v. HF Mgmt. Servs., LLC*, No. 12-CV-1298, 2012 WL 5289571, at *2 (E.D.N.Y. Oct. 23, 2012) (collecting cases), *aff'd*, 726 F.3d 85 (2d Cir. 2013). "In general, affirmative defenses are not properly available on a motion to dismiss for failure to state a claim, unless the 'defense appears

7

on the face of the complaint.'" *Id.* (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).

The parties agree that the plaintiff's primary duty was to make sales, so the issue is whether the defendants can establish, using only the allegations in the complaint, that the plaintiff customarily and regularly performed his sales duties away from the defendants' place or places of business. An employer's place of business includes "any fixed site, whether home or office, used by a salesperson as a headquarters," but excludes the customer's place of business, the customer's home, "hotel rooms during trips from city to city" and "trade shows of short duration," among others.[4] 20 C.F.R. § 541.502. The phrase "customarily and regularly" means "a frequency that must be greater than occasional but which, of course, may be less than constant." *Id.* § 541.701.

The plaintiff's allegations establish that he performed his sales duties exclusively away from the defendants' place of business. Indeed, the plaintiff alleges that he spent each day making sales at various hospitals, CVS pharmacies, and doctors' offices, returning to the defendants' headquarters only to drop off paperwork. These various public locations do not qualify as the employer's place of business, and are more akin to locations in the field such as trade shows, hotel rooms, high school campuses (*Nielsen v. DeVry, Inc.*, 302 F. Supp. 2d 747, 761 (W.D. Mich. 2003)), and senior centers (*Martinez v. Superior HealthPlan, Inc.*, 371 F. Supp. 3d 370, 382 (W.D. Tex. 2019)).

The plaintiff argues that the defendants' continuing presence at these various public locations converts each into a "fixed site" used as a "headquarters," and expects that discovery will show that the defendants had contracts with these public locations, and supplied each with

---

[4] The regulation does not restrict the application of "outside sales" to the locations explicitly enumerated in the provision. *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 93 (E.D.N.Y. 2015).

its own tables and signs.  (ECF No. 16 at 11.)  Nevertheless, the weight of authority

demonstrates that public locations do not become an employer's place of business no matter how

continuous or formal the relationship.  For example, in *Lane v. Humana Marketpoint, Inc.*, No.

09-CV-380, 2011 WL 2181736, at *3 (D. Idaho June 3, 2011), the court held that Walmart stores

were not the insurance company's place of business even though the company had an agreement

with Walmart that allowed sales representatives to set up information kiosks on site, and

assigned sales representatives to work there every day of the week: "Not every public location

where sales presentations, seminars, social functions and the like took place are Humana's place

of business...while some of these public locations that sales took place could arguably be

considered 'fixed sites,' they were not used by Plaintiffs as headquarters." *Id.* at *9 n.3; *see also*

Wage and Hour Opinion Letter, May 8, 2008, FLSA2008-6NA (although the salespersons in the

opinion letter spent most of their time at static locations such as promotional events or the

entrances to retail stores, the Department of Labor concluded that the sites do not count as fixed

locations under the FLSA "because the salesperson remains there for only a short time period

(approximately three to six days), and the sites are retail stores.").

    *Freeman v. Kaplan, Inc.*, 132 F. Supp. 3d 1002 (N.D. Ill. 2015), upon which the plaintiff

relies, is distinguishable.  There, the court ruled that the Kaplan test prep company had converted

the Loyola law school campus into a Kaplan place of business because it deployed several

salespersons to that single location, which it used as a "base of operations." *Id.* at 1012.  In

concluding that Loyola fit the description of a "fixed site" used "by a salesperson as a

headquarters," the court emphasized that Kaplan employees were "hired to sell at Loyola and

nowhere else," and did not travel to other campuses to sell Kaplan products. *Id.*  The allegations

here, by contrast, demonstrate that the plaintiff sold health insurance at multiple different public

locations in the same week.  No amount of discovery will establish that any of these public locations, much less all of them, were a "base of operations" for the defendants.

 In summary, the allegations in the plaintiff's complaint establish that the plaintiff qualifies as an outside salesperson as a matter of law.  Accordingly, the FLSA overtime claim is dismissed.

## III.    State Law Claims

I decline to exercise jurisdiction over the plaintiff's state law claims.  "Where a court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over remaining claims."  *Wolfinger v. Consolidated Edison Co. of New York, Inc.*, No. 17-CV-1710, 2018 WL 3637964, at *12 (E.D.N.Y. July 31, 2018) (citing 42 U.S.C. § 1367(c)(3)).  In deciding whether to exercise supplemental jurisdiction, district courts should balance the values of judicial economy, convenience, fairness, and comity. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) ("[F]ederal policy concerns may argue in favor of exercising supplemental jurisdiction even after all original-jurisdiction claims have been dismissed.").  Having dismissed all federal claims in this action, I decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. *Klein & Co. Futures. Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss the plaintiff's complaint is granted.


**SO ORDERED.**

s/Ann M. Donnelly
_____

Ann M. Donnelly
United States District Judge


Dated: Brooklyn, New York
      January 13, 2020